IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL W. GRIFFIN <br> and JUDY GRIFFIN, <br> *Plaintiffs,* <br> <br> V. <br> <br> STATE FARM LLOYDS, <br> *Defendant,* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:22-cv-01222 <br> (JURY) |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW, Paul W. Griffin and Judy Griffin, ("Plaintiffs"), and file **Plaintiffs' First Amended Complaint**, complaining of State Farm Lloyds ("State Farm") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### PARTIES

1. Plaintiffs, Paul W. Griffin and Judy Griffin, reside in Harris County, Texas.

2. Defendant, State Farm Lloyds, is a foreign insurance company, engaged in the business of insurance in the State of Texas. State Farm is properly before this Court.

### JURISDICTION AND VENUE

3. The court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Harris County, Texas, with a reference to this specific case.

4. Subject matter jurisdiction is founded upon 28 U.S.C. §1332(a)(1) which gives district courts diversity jurisdiction over civil actions arising under state law, between citizens of

different States, and alleging damages of more than $75,000, exclusive of interest and costs.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

6. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Texas and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Texas based entities and consumers.

## NOTICE AND CONDITIONS PRECEDENT

7. Plaintiffs have provided Texas statutory notice of the claim to Defendant in this Complaint and said notice was provided to Defendant more than sixty days prior to this action being filed.

8. All conditions precedent necessary to maintain a claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## FACTS

9. This is an insurance coverage and bad faith case.

10. Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

11. Plaintiffs owned a State Farm Lloyds insurance policy, number 83-E8-B009-3 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 17210

Autumn Blossom Court, Houston, Texas 77095 ("the Property").

12. State Farm Lloyds or its agent sold the Policy, insuring the Property, to Plaintiffs. State Farm Lloyds represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiff's property. During the time from October 29, 2020 to October 29, 2021 ("Policy Period"), a severe storm passed through the Harris County, Texas area.

13. In the aftermath of the storm, Plaintiff submitted a Claim to State Farm Lloyds against the Policy for damage to the Property. State Farm Lloyds assigned claim number 53-25W3-11L to Plaintiffs' claim (the "Claim"). The claim was assigned a date of loss of October 11, 2021.

14. Plaintiffs asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

15. State Farm Lloyds hired or assigned its agent, John Altemose ("Altemose"), to inspect and adjust the claim. Altemose conducted an inspection on or about October 27, 2021, according to the information contaitned in their estimate. Altemose did not investigate the weather at or near Plaintiffs' property. Altemose pulled no storm reports, no wind reports and no hail reports. Altemose failed to provide any findings, conclusions, or determinations related to weather to Plaintiffs.

16. After failing to investigate, document, and make a final determination on storm activity during the Policy Period, Altemose provided an estimate of damages totaling $2,888.81 to the property related to the storm that passed through the area. After application of depreciation and $5,400 deductible, Plaintiffs were left without adequate funds to make

*Griffin et al. v State Farm Lloyds*  
Plaintiffs' First Amended Complaint

3

repairs on the entirety of the Claim.

17. State Farm, through its agent, Altemose, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. State Farm either failed to conduct appropriate research into weather events occurring at the insureds' location, or ignored that weather information which showed that the location was impacted by severe weather during the Policy period.

18. State Farm and Altemose have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior and interior damage. The third-party inspector hired to review the damage to the Property found additional storm damage damage that was completely absent from Altemose's estimate.

19. The damage to Plaintiffs' Property is currently estimated at $40,955.77.

20. Altemose had a vested interest in undervaluing the claims assigned to them by State Farm in order to maintain their employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Altemose.

21. Furthermore, Altemose was aware of Plaintiffs' deductible prior to inspecting the Property. Altemose had advanced knowledge of the damages they needed to document in order to be able to deny the Claim.

22. Altemose misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Altemose made these

misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

23. After reviewing Plaintiffs' Policy, Altemose misrepresented that the damage was caused by non-covered perils. Altemose used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

24. As stated above, State Farm and Altemose improperly and unreasonably adjusted Plaintiffs' Claim. Without limitation, State Farm and Altemose misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' Claim or loss under the Policy.

25. State Farm and Altemose made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. State Farm and Altemose made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Altemose.

26. Plaintiffs relied on State Farm and Altemose's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

27. Upon receipt of the inspection and estimate reports from Altemose, State Farm failed to assess the Claim thoroughly. Based upon Altemose's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, State

Farm failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

28. Because State Farm and Altemose failed to provide coverage for Plaintiffs' insurance Claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

29. Furthermore, State Farm and Altemose failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Altemose performed an unreasonable and substandard inspection that allowed State Farm to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

30. State Farm and Altemose's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

31. State Farm and Altemose's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). State Farm and Altemose have failed to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, State Farm and Altemose have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

32. State Farm and Altemose's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). State Farm and Altemose failed to provide Plaintiffs a reasonable explanation for underpayment of the Claim.

33. Additionally, after State Farm received statutory demand on or about January 3, 2022, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' Claim properly.

34. State Farm and Altemose's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Altemose performed a biased and intentionally substandard inspection designed to allow State Farm to refuse to provide full coverage to Plaintiffs under the Policy.

35. Specifically, State Farm and Altemose performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

36. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Altemose's subpar inspection, State Farm failed to reasonably accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time after receiving all necessary information.

37. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Altemose's intentional undervaluation of

Plaintiffs' Claim, State Farm failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Altemose's understatement of the damage to the Property caused State Farm to delay full payment of Plaintiffs' Claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' Claim.

38. State Farm and Altemose's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT STATE FARM LLOYDS

39. All paragraphs from the fact section of this complaint are hereby incorporated into this section.

### BREACH OF CONTRACT

40. State Farm is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiffs.

41. State Farm's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

42. All allegations above are incorporated herein.

43. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

44. State Farm's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

45. State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

46. State Farm's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

47. State Farm's unfair settlement practice of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

48. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

49. State Farm's delay in paying Plaintiffs' Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

51. State Farm's failure to adequately and reasonably investigate and evaluate Plaintiffs' Claim, even though State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

52. State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by State Farm pursuant to the DTPA. Plaintiffs have met

all conditions precedent to bring this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, State Farm have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. State Farm's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' Claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. State Farm represented to Plaintiffs that the Policy and State Farm's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. State Farm represented to Plaintiffs that State Farm's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

  F. State Farm's actions are unconscionable in that State Farm took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

  G. State Farm's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

53. Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiffs' damages. All of State Farm's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

54. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

55. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

56. The damages caused to the Property have not been properly addressed or repaired since the Claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

57. Plaintiffs currently estimate that actual damages to the Property under the Policy are $40,955.77.

58. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

59. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

60. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

61. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

62. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount State Farm owed, exemplary damages, and damages for emotional distress.

63. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish

*Griffin et al. v State Farm Lloyds*
Plaintiffs' First Amended Complaint                                                                                   14

Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

64. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

65. Plaintiffs have timely requested a jury trial for all causes of action alleged herein.

## PRAYER

Plaintiffs, Paul W. Griffin and Judy Griffin, pray that, upon trial thereof, they recover from Defendant, State Farm Lloyds such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show they are so justly entitled.

Dated: May 2, 2022.

Respectfully submitted,

By: /s/ *Michael D. Jack*

Chad T. Wilson
Texas Bar No. 24079587
Southern District Bar No. 2249683
Michael D. Jack
Texas Bar No. 24120920
Southern District Bar No. 3643101
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
eservice@cwilsonlaw.com
mjack@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Plaintiffs' First Amended Complaint, has been forwarded to all counsel of record via Certified U.S. Mail, Facsimile, Hand Delivery, Email or Electronic Service on this May 2, 2022.

    M. Micah Kessler
    mkessler@nck-law.com
    Abril Davila
    adavila@nck-law.com
    NISTICO, CROUCH & KESSLER, P.C.,
    1900 West Loop South, Suite 800
    Houston, Texas 77027
    (713) 781-2889
    (713) 781-7222 (fax)

    ATTORNEYS FOR DEFENDANT
    STATE FARM LLOYDS

                                            */s/ Michael D. Jack*